UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Rashaun Jamine Sobers,<br><br>                     Petitioner,<br><br>vs.<br><br>Charles Williams, Jr, Warden,<br><br>                     Respondent. | Civil Action No. 5:21-1337-BHH<br><br>**OPINION AND ORDER** |

This matter is before the Court for review of the Report and Recommendation entered by United States Magistrate Judge Kaymani D. West on July 13, 2022 ("Report"). (ECF No. 25.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this case was referred to Magistrate Judge West to review Petitioner Rashaun Jamine Sobers' ("Petitioner") 28 U.S.C. § 2254 habeas petition and for pretrial handling. In her Report, the Magistrate Judge recommends that Respondent Charles Williams, Jr, Warden's ("Respondent") motion for summary judgment (ECF No. 15) be granted, and the petition be denied. (*See* ECF No. 25 at 1, 39.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

## **BACKGROUND**

The Magistrate Judge entered her Report on July 13, 2022, recommending that Resondent's motion for summary judgment (ECF No. 15) be granted and that Petitioner's

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; exhaustive recitation of law and fact exists there.

1

habeas petition (ECF No. 1) be denied. (ECF No. 25 at 39.) Petitioner filed objections on June 8, 2022. (ECF No. 29.) Respondent filed a reply on August 8, 2022. (ECF No. 29.) The matter is ripe for consideration and the Court now makes the following ruling.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **DISCUSSION**

The Court will confine its analysis to those portions of the Report to which Petitioner raises a specific objection. Accordingly, having carefully reviewed all other portions of the Report in light of the record and applicable law, and finding no error therein, the Court adopts all findings and recommendations of the Magistrate Judge to which there has been no specific objection.

Petitioner has mounted objections to the Report by quoting specific conclusions stated by the Magistrate Judge and then commenting on why, in Petitioner's view, those

2

conclusions are incorrect. Accordingly, each quoted conclusion will be addressed in turn.

> **A. The Magistrate Judge's conclusion that: "The undersigned agrees with the PCR court's finding that trial counsel was not deficient in offering Watts as an expert witness in Spartanburg gangs given Watts' sixteen years' experience as an undercover narcotic officer who worked alongside Spartanburg gangs." (ECF No. 25 at 37.)**

Petitioner argues that his trial counsel was deficient in offering a purported expert witness that was not qualified by the trial court in the proffered area of expertise—namely, Spartanburg gangs. (ECF No. 29 at 1–2.) He contends that the Magistrate Judge was wrong to conclude trial counsel acted reasonably where the trial court excluded Watt's testimony "*because he lacked the requisite training and experience to testify on these matters.*" (*Id.* at 2 (emphasis in original).) The relevant portion of the PCR court's ruling states:

> This Court finds that Applicant has failed to meet his burden in proving Counsel was deficient or that he was prejudiced by any deficiency. Counsel called sixteen-year veteran, retired law enforcement officer, Rocky Watts, who had experience in the field as an undercover narcotic officer, working alongside Spartanburg gangs, and as an officer in the violent crimes unit. Watts also ran his own private investigation company since retiring from law enforcement. It was reasonable for Counsel to believe Watts was qualified to testify as an expert on Spartanburg gang activity. See State v. Price, 368 S.C. 494, 629 S.E.2d 363 (2006) (Law enforcement investigator qualified as expert in area of gangs and gang activity.); State v. Liverman, 386 S.C. 223, 687 S.E.2d 70 (Ct. App. 2009), affd, but criticized (on unrelated grounds), 398 S.C. 130, 727 S.E.2d 422 (2012) (Law enforcement investigator and officer qualified as experts in field of gang activity); United States v. Thomas, 490 Fed. Appx. 514 (4th Cir. 2012) (Law enforcement detective qualified as an expert in gang history); United States v. Palacios, 677 F.3d 234 (4th Cir. 2012) (Law enforcement sergeant qualified as expert in field of gang activity). Even if Watts had never before been qualified as an expert in gangs, there is a first time for every expert witness and attempting to have him qualified for the first time does not constitute deficient performance.

(ECF No. 25 at 5–6.)

The objection is without merit. Petitioner has not shown that the PCR court's

determination regarding ineffective assistance of counsel as to Watt's not being qualified as an expert was contrary to or involved an unreasonable application of clearly established federal law. *Williams v. Taylor*, 529 U.S. 362, 404–405 (2000). Neither has Petitioner demonstrated that Magistrate Judge West erred by agreeing with the PCR court's conclusion. Accordingly, the objection is overruled.

**B. The Magistrate Judge's conclusion that: "Petitioner's arguments that the PCR court qualified his expert witness in the general area of gangs does not establish trial counsel was deficient in his selection of an expert, nor does it prove that his PCR expert witness would have been qualified as a witness in Petitioner's trial." (ECF No. 25 at 37.)**

Petitioner next argues that the fact that PCR counsel subsequently secured the testimony of an expert who was qualified by the PCR court and provided testimony "substantially similar" to Watts' is "strong evidence that trial counsel was ineffective in his selection of an expert at trial." (ECF No. 29 at 3–4.) The relevant portion of the PCR court's ruling states:

> Additionally, *the trial judge did not allow for the qualification of Watts as an expert in gangs because he did not believe gang activity was relevant to the case*. Regardless, Watts was still allowed to proffer his testimony regarding gangs as a lay witness. This proffered testimony, in conjunction with that of five other witnesses, still did not establish the relevancy of gang activity to Applicant's shooting of the victim. Therefore, even if Counsel had been successful in qualifying Watts as an expert to testify on gang matters at the in camera hearing, the gang evidence was still inadmissible as not relevant.
>
> At the PCR hearing, Applicant presented Dr. Marjie T. Britz. Dr. Britz testified as an expert, over Respondent's objection, in the general area of gangs. Based on her review of the entire record, including photos from the autopsy and Facebook photos of the victim and eye witnesses who testified for the State, she concluded, similar to Watts's conclusion, that the victim and eye witnesses were members or affiliated with a gang. *This Court does not believe Dr. Britz was any more qualified to testify as an expert on gangs in this case than was Rocky Watts. Both possessed an increased knowledge of gangs, albeit from different methods and sources. Regardless of their qualifications, gang evidence was simply not relevant to Applicant's shooting of the victim and therefore was properly excluded*. This Court finds

4

> Counsel was not deficient in offering Rocky Watts as an expert witness. Even assuming arguendo Counsel was deficient in this regard, Applicant has failed to prove any prejudice.

(ECF No. 25 at 6 (emphasis added).)

Again, Petitioner has not shown that the PCR court's determination regarding ineffective assistance of counsel as to trial counsel's inability to get Watts' qualified as an expert on Spartanburg gangs was contrary to or involved an unreasonable application of clearly established federal law. *Williams*, 529 U.S. at 404–405. The record unequivocally demonstrates that the trial judge determined evidence of gang activity was irrelevant to the case and excluded such evidence on that basis. PCR counsel's later qualification, at the PCR hearing, of Dr. Britz as an expert in the general area of gangs does not show that trial counsel was ineffective for failing to get Watts qualified as an expert on Spartanburg gangs at trial. The argument is a non-sequitur. Petitioner's objection and arguments fail to reveal any error in the Magistrate Judge's reasoning or conclusions on this issue. The objection is overruled.

> **C. The Magistrate Judge's conclusion that: "[T]he record supports the PCR court's finding that Petitioner's self-defense claim was not credible, and the admission of testimony that the mob was in a gang would not have strengthened or made this defense more credible." (ECF No. 25 at 38.)**

Finally, Petitioner argues, "The fact that the gang evidence would have supported Petitioner's self-defense claim is amply demonstrated by the prosecution's sustained efforts to exclude this evidence at trial," and "because Petitioner's attorney attempted to raise a self-defense claim at trial, Petitioner's subjective knowledge about the background (i.e. gang affiliation) of the individuals he encountered would have provided support for his claim that he feared for his life when the group approached his vehicle." (ECF No. 29 at 4.) The relevant portion of the PCR court's ruling states:

5

> Applicant's self-defense claim was simply not credible. Applicant has failed to prove how presenting evidence that the members of the mob were in a gang would have made his self-defense story more credible. Applicant asserts that the gang membership strengthened the reasonableness of his fear of being attacked, however, this argument is not persuasive. The mob attack was not credible, regardless of gang membership or affiliation. Applicant has failed to prove prejudice resulting from any alleged deficiency.

(ECF No. 25 at 9.)

Once again, Petitioner's objection fails to reveal any error in the Magistrate Judge's reasoning or conclusions. The record reveals that six eyewitnesses testified Petitioner shot at a car in which the victim was sitting with no provocation, killing the victim; Petitioner was the only person who testified that a "mob" attacked his car immediately prior to the shooting. (*See* ECF No. 25 at 1–3, 9.) Petitioner's assertions about the credibility of his self-defense theory in light of the alleged gang activity fail to reveal that the PCR court's determination on this issue was either (1) contrary to or involved an unreasonable application of clearly established federal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings. 28 U.S.C. § 2254(d)(1)(2); *see Williams*, 529 U.S. at 388. The objection reveals no error in the Magistrate Judge's analysis or conclusions, and it is overruled.

## **CONCLUSION**

After *de novo* review of the relevant materials and law, and for the reasons set forth above, the Court ADOPTS the Report (ECF No. 25) of the Magistrate Judge and incorporates it herein. Accordingly, Petitioner's objections (ECF No. 29) are OVERRULED, Respondent's motion for summary judgment (ECF No. 15) is GRANTED, Petitioner's § 2254 habeas petition (ECF No. 1) is DENIED, and a certificate of

appealability is denied.[2]

**IT IS SO ORDERED.**

                                                             /s/ Bruce Howe Hendricks
                                                             United States District Judge

September 30, 2022
Charleston, South Carolina

---

[2] Title 28, Section 2253 provides in relevant part, that, "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or (B) the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met.